UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STEVEN LUKES,

                Plaintiff,

        -against-

NASSAU COUNTY JAIL, ARMOR CORRECTIONAL
HEALTH, INC., JOHN DOE AND JANE DOE OF THE
NASSAU COUNTY JAIL, JOHN DOE AND JANE DOE
OF ARMOR CORRECTIONAL HEALTH, INC.,

                Defendants.
---------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
12-CV-1139(SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ MAY 29 2012 ★
LONG ISLAND OFFICE

I.     Introduction

On March 7, 2012, *pro se* plaintiff Steven Lukes ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed *in forma pauperis*. Subsequently, plaintiff also moved for the appointment of *pro bono* counsel to represent him in this case. Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice.

II.     The Complaint

Plaintiff alleges that while incarcerated at the Nassau County Jail, he was denied "proper medical treatment" for injuries he allegedly suffered as a result of "police brutality," as well as

for his hepatitis C. (Compl. at ¶ IV). Plaintiff seeks damages in the amount of one hundred million dollars ($100,000,000.00). (Compl. at ¶ V).

III. Discussion

   A.   Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,

1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S.Ct. 2197; see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 556 U.S. 662, 129 S.Ct. at 1949.

B. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom

3

Cornejo v. Monn, 131 S. Ct. 158, 178 L. Ed. 2d. 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress...the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

1. Claims Against the Nassau County Jail

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002); see also In re Dayton, 786 F. Supp.2d 809, 818 (S.D.N.Y. 2011); Hawkins v. Nassau County Correctional Facility, 781 F. Supp.2d 107, 109 at n. 1 (E.D.N.Y. 2011); Carthew v. County of Suffolk, 709 F. Supp.2d 188,195 (E.D.N.Y. 2010). Since the Nassau County Jail is an administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. Accordingly, plaintiff's claims against the Nassau County Jail are dismissed in their entirety with prejudice. However, since plaintiff is proceeding *pro se*, his claims against the Nassau County Jail will be construed as claims against Nassau County.

a. Claims Against Nassau County

A municipality or municipal entity, such as Nassau County, cannot be held liable under § 1983 on a *respondeat superior* theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a

plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91, 98 S. Ct. 2018. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (citations omitted). To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, see Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006) (accord), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Village of Cornwall-On-Hudson Police Department, 577 F.3d 415, 439 (2d Cir. 2009) (holding that a municipal custom may be found when "faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions."

5

(quotations and citations omitted), i.e., "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights * * * amount[ing] to deliberate indifference to the rights of persons with whom the untrained employees come into contact," Connick, 131 S. Ct. at 1359 (quotations, alterations and citations omitted), or a policymaking official's failure to investigate or rectify a potentially serious problem of unconstitutional conduct of which he or she had notice, evidencing deliberate indifference, "rather than mere negligence or bureaucratic inaction," Amnesty America, 361 F.3d at 128.

Even liberally construing the complaint, plaintiff's allegations are insufficient to state a Section 1983 cause of action against Nassau County. See, e.g., White v. St. Joseph's Hospital, 369 Fed. Appx. 225, 226 (2d Cir. Mar. 10, 2010) (affirming *sua sponte* dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."); see generally City of Waterbury, 542 F.3d at 37-41. Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the County or Nassau County Jail; (2) actions taken or decisions made by County or Nassau County Jail policymaking officials which caused the alleged violations of his civil rights; (3) a County or Nassau County Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by County or Nassau County Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's claims, as construed to be against Nassau County, are dismissed with prejudice **unless plaintiff files an amended complaint stating plausible Monell claims against the County on or before July 2, 2012.** See, e.g. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by

a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Chavis, 618 F.3d at 170 (when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated.")

2. Section 1983 Claims against the Remaining Defendants

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004) (internal quotations and citation omitted); see also Platt v. Incorporated Village of Southampton, 391 Fed. Appx. 62, 65 (2d Cir. Aug. 30, 2010); Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). "Personal involvement" may be established by evidence of direct participation by the defendant in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Rolon v. Ward, 345 Fed. Appx. 608, 611 (2d Cir. Sept. 4, 2009). "[A] defendant in a Section 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996); see also Back, 365 F.3d at 127; Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). A complaint based on a violation under Section 1983 that does not allege facts establishing the personal involvement of a defendant fails as a matter of law. See Costello v. City

7

of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009).

Plaintiff has not established, or even alleged, the direct participation of any defendant, or employee of a defendant, in any of the wrongdoing alleged in his complaint, nor any basis upon which to find any defendant, or employee of a defendant, liable in a supervisory capacity.

Moreover, "[a] convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of 'cruel and unusual punishment.'" Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (quoting Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996)). However, "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." Id. Regardless of whether the plaintiff is a convicted prisoner or pretrial detainee, however, "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Id. at 70-71, 72.

A claim for deliberate indifference to medical needs has both an objective and subjective component. See Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).
Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill, 657 F.3d at 122 (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1)

whether the inmate was "actually deprived of adequate medical care," i.e., whether the prison officials acted reasonably in response to the inmate's medical needs; and (2) "whether the inadequacy in medical care [was] sufficiently serious," i.e., how the challenged conduct was inadequate and what harm, if any, the inadequacy has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and *** was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)). Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Estelle, 429 U.S. at 106, 97 S.Ct. 285 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim * * * under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Farid, 593 F.3d at 249 ("[N]egligence is insufficient to support an Eighth Amendment claim."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("'Deliberate indifference' describes a mental state more blameworthy than negligence * * * [and] is a state of mind that is the equivalent of criminal recklessness. * * * A showing of medical malpractice is therefore

9

insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act * * * that evinces a conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)).

Even liberally read, the complaint fails to state a claim for deliberate indifference to plaintiff's medical needs because, *inter alia,* plaintiff does not allege the personal involvement of any defendant in any of the alleged wrongdoing and plaintiff's allegations indicate only his dissatisfaction with the care provided to him during his incarceration at the Nassau County Jail and, at most, state a claim for negligence or medical malpractice. Accordingly, plaintiff's complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) unless plaintiff files an amended complaint alleging the personal involvement of any defendant in the alleged constitutional deprivation and stating a plausible claim for deliberate indifference to medical needs **on or before July 2, 2012**. The amended complaint must be labeled "Amended Complaint;" bear the same docket number as this Order; and clearly identify the individual(s) personally responsible for any alleged violation of his constitutional rights. In the event plaintiff does not know the names of such individuals, he must identify each of them as "John Doe Correctional Officer# 1" or "Jane Doe Medical Officer #2,"or the like; identify the roles each of them played in the alleged constitutional deprivation; describe each of them with as much specificity as possible to enable their identification; and, where possible, identify the specific dates of the alleged wrongdoing.

C.   Application for Appointment of Pro Bono Counsel

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate, Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that [they] be 'guided by

sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to appoint counsel to an indigent civil litigant under § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance").

If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Johnston, 606 F.3d at 42 (applying the Hodge factors); Carmona, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Plaintiff has not established a threshold showing of merit to any of his claims.

Accordingly, plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) **unless plaintiff files an amended complaint in accordance with this Order on or before July 2, 2012**; and plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties, including mailing a copy of this order to plaintiff at his last known address in accordance with Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated:    May 29, 2012
          Central Islip, New York